IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cv274

MICHAEL K. MURRAY )
)
        Plaintiff, )
)
vs. ) MEMORANDUM AND ORDER
)
CALLAWAY GOLF SALES COMPANY )
        Defendant. )
)

      Plaintiff has brought suit against defendant Callaway Golf Sales Company for violation of North Carolina antitrust laws and related statutes. The action was instituted in the North Carolina state court and was removed to this Court on the grounds of diversity of citizenship with the requisite amount in controversy. Defendant moved for summary judgment (Doc. No. 13) on all of plaintiff's claims.

      The Fourth Circuit has held, pursuant to Rule 17 of Federal Rules of Civil Procedure, that a real party in interest is one that possesses the right to enforce the claim and has a significant interest in the litigation under North Carolina law. Virginia Elec. and Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). North Carolina law provides that a shareholder can not bring an action against a third party for injuries done unto a corporation that result in depreciation or destruction of the value of the individual's stock. Energy Investors v. Metric Construction, Inc., 351 N.C. 331, 331, 525 S.E.2d 441, 444-45 (2000); see also Process Components, Inc. v. Baltimore Aircoil Co., 89 N.C. App. 649, 655, 366 S.E. 2d 907, 912 (1988).

Therefore, the Court finds that plaintiff Murray, as an individual shareholder, is not the real party in interest.

Rule 17 also provides, however, that an action shall not be dismissed on such grounds until a reasonable time has been allowed after objection to join or substitute the real party in interest. Although the plaintiff has known of the standing defense since June 2004, the Court affords the plaintiff ten days to substitute the real party in interest. See <u>Shetterly v. Raymark Indus.</u>, 117 F.3d 776, 784-85 (4th Cir. 1997) (where the court emphasized the importance of a reasonable amount of time to cure the real party in interest defect, and cited <u>Lavean v. Cowels</u>, 835 F.Supp. 375 (W.D. Mich. 1993) in which ten additional days were afforded to the party to remedy the real party in interest problem).

## CONCLUSION

**THEREFORE, IT IS ORDERED** that ten days shall be afforded for substitution of the real party in interest.

Signed: August 1, 2006

Robert J. Conrad, Jr.
Chief United States District Judge